NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID BERNAHL,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>EVERSHEDS SUTHERLAND; EVERSHEDS SUTHERLAND (INTERNATIONAL) LLP, a limited liability partnership, registered in England and Wales; EVERSHEDS SUTHERLAND (EUROPE) LIMITED; EVERSHEDS SUTHERLAND BITANS, doing business as Eversheds Bitans Law Office; EVERSHEDS SUTHERLAND (US) LLP, a limited liability partnership organized under the laws of Georgia; SERGENIAN ASHBY, LLP, a limited liability partnership organized under the laws of California; Mr. IAN SHELTON; JOSEPH R. ASHBY; SARAH E. PAUL; ASHBY LAW FIRM, PC, a professional corporation organized under the laws of California,<br><br>      Defendants - Appellees. | No. 23-3506<br><br>D.C. No.<br>5:23-cv-00411-PCP<br><br>MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

Submitted February 13, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[***]

David Bernahl appeals from the district court's order dismissing his complaint for lack of subject matter jurisdiction. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de novo. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019). We affirm.

Federal jurisdiction exists if the resolution of state-law claims "rises or falls on the plaintiff's ability to prove the violation of a federal duty." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 382–83 (2016). To meet this standard, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "For an issue to be substantial, it is not enough that the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

federal issue be significant to the particular parties in the immediate suit . . . . The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Hornish v. King County*, 899 F.3d 680, 690 (9th Cir. 2018) (internal quotation marks omitted).

The federal issue raised here—whether Defendants violated 28 U.S.C. § 1782 or Federal Rule of Civil Procedure 45—is not substantial. It does not implicate the federal government's interest in finding a federal forum to "'vindicate its own administrative action'" like in *Gunn*. 568 U.S. at 260–61 (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g Mfg*, 545 U.S. 308, 315 (2005)). Nor does it challenge the manner in which a federal agency or program functions, like in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*. 545 at 314. While significant to these parties, Bernahl's claims look backwards and would not have a substantial impact on federal law. *See Gunn*, 568 U.S. at 261. And because there is no substantial federal issue, we decline to consider the other *Gunn* elements. Accordingly, federal subject matter jurisdiction is lacking.

**AFFIRMED.**